IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| TARIREEF WHITE, | ) |
| --- | --- |
| Movant/Defendant, | ) |
| | ) Crim. No. 07-123-SLR |
| v. | ) Civ. No. 10-132-SLR |
| UNITED STATES of AMERICA, | ) |
| Respondent/Plaintiff. | ) |

Tarireef White. Pro se movant.

John C. Snyder. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

**MEMORANDUM OPINION**

March 15, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I.  INTRODUCTION

Tarireef White ("movant") is a federal inmate currently confined at the Federal Correctional Institution in Fairton, New Jersey. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 51) Respondent filed an answer in opposition (D.I. 59), to which movant filed a response (D.I. 60). For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II.  BACKGROUND

At approximately 3:10 a.m. on August 28, 2007, patrol officers in Wilmington, Delaware, received an emergency call from a woman claiming to have been threatened by two men with guns, one of whom was riding a bicycle. (D.I. 59) Responding to the call, the officers noticed movant riding a bicycle away from the scene of the alleged crime. *Id.*

Although movant's clothing differed from the description provided in the emergency call, the officers followed him in their vehicle for several blocks. During this pursuit, the officers noticed that movant repeatedly looked over his shoulder at them and placed his hand at his waistband "as if he was gripping something." *Id.*

Concerned that movant might have a gun, the officers maneuvered their car in front of him and ordered him to stop. Movant, who was in the middle of a well-lit parking lot, stumbled from his bike, pulled a handgun from his waistband, and threw the gun across the parking lot. He then pedaled away on his bicycle. *Id.*

Retrieving the gun that movant discarded, the officers radioed to all units, alerting them to what had happened and describing movant's clothing and direction of travel. Shortly thereafter, other officers apprehended movant. *Id.*

On January 24, 2008, a federal jury convicted movant of knowingly possessing a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced him to sixty months imprisonment and five years of supervised release. Movant's conviction and sentence were affirmed on direct appeal. *United States v. White*, 336 F. App'x. 185 (3d Cir. 2009).

## III. DISCUSSION

Movant timely filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting one claim that defense counsel rendered ineffective assistance because she did not "conduct a pretrial investigation into the law and the facts of his case." Movant has properly raised his ineffective assistance of counsel argument in the instant § 2255 motion rather than on direct appeal,[1] and the court must review the argument pursuant to the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of

---

[1] *See United States v. Garth*, 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera*, 104 F.3d 566, 570 (3d Cir. 1996).

reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, movant must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. Additionally, in order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Movant provides no explanation or evidence to support his contention that counsel "failed to conduct a pretrial investigation into the law and facts of his case." Notably, however, during his direct appeal, movant presented an ineffective assistance of counsel claim asserting that counsel failed to investigate the case objectively or seek suppression of the gun. *White*, 336 F. App'x. at 187. The court will liberally construe movant's instant claim to include the allegation regarding counsel's failure to seek suppression of the gun.

The following background information is relevant to the court's analysis of movant's claim. Movant asked defense counsel to file a motion to suppress the firearm recovered by the police on the basis that the police did not have a reason to approach him because the firearm did not match the description provided by the 911 complainant. *White*, 336 F. App'x. at 186. Defense counsel initially agreed to file the motion. However, upon further review of movant's case and the facts alleged in the police

3

reports, counsel determined that there was no basis upon which to file a motion to suppress the seizure of the gun. In a letter to movant, defense counsel explained that,

> [s]ince you were not subject to the application of any physical force by the police and you did not yield to the officer's show of authority by stopping when the officer ordered you to stop, you were not considered "seized" at the time you discarded the gun. Since you discarded the gun before you were in police custody, the gun is considered abandoned, and cannot be suppressed. The gun was considered abandoned property at the time you threw it to the ground and it was picked up off the ground by police. Even though the officers may not have the right to stop you because you did not fit the description from the radio call of the person with the gun, because the gun was abandoned, we have no legal grounds upon which to ask the Court to suppress the evidence.

*Id.* at 186-87.

On two occasions following receipt of defense counsel's letter, movant wrote to the court asking for new counsel. In a December 19, 2007 motion to dismiss attorney, movant complained that his attorney refused to file motions on his behalf, had not provided him with an investigator, did not communicate with him, and had shown no effort to help him with legal matters. (D.I. 17, at 3) In a second motion to dismiss his attorney, movant claimed that "every time I request her to file a legal motion on my behalf, she refuses to do so . . . it's very hard to contact her, when she comes out to the facility to see other guys in her caseload I try to speak with her, but she ignores me." (D.I. 21 at 1-2) Movant complained specifically of defense counsel's refusal to file a motion to suppress, stating "I've requested a suppression (evidentiary hearing) and my lawyer told me 'no,' denied me, and when I ask her again at a later date for the same request, she said that it's too late because the date has expired." *Id.* at 2. Despite these complaints, movant ultimately decided to proceed to trial with defense counsel as his attorney, and the court dismissed his motions as moot.

4

On direct appeal, movant contended that the gun was improperly admitted as evidence against him because it was obtained during an illegal police seizure. Applying *California v. Hodari D.*, 499 U.S. 621 (1991), the Court of Appeals for the Third Circuit denied this argument as meritless, explaining that movant was not seized for the purposes of the Fourth Amendment and, therefore, the gun he discarded, or "abandoned", was admissible as evidence against him. In reaching this conclusion, the Third Circuit also cited *United States v. Valentine*, 232 F.3d 350 (3d Cir. 2000), which interpreted *Hodari D* as standing for the proposition that an "attempted seizure" has no relevance for Fourth Amendment purposes. *Id.* at 358.

It is well-settled that an attorney does not provide ineffective assistance by failing to raise meritless claims or defenses. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). The holdings of *Hodari D* and *Valentine*, along with the Third Circuit's decision in movant's direct appeal, demonstrate that any pretrial motion to suppress the abandoned gun would have been unavailing. As such, defense counsel did not provide ineffective assistance by not filing a baseless suppression motion.

Additionally, movant's allegation that counsel's "failure to conduct an independent investigation into the facts and relevant caselaw of [movant's] case" resulted in "the presentation of a defense lacking cohesiveness and [which] was otherwise patently incoherent" is too vague and conclusory to satisfy either prong of the *Strickland* test. Accordingly, the court will deny movant's § 2255 motion as meritless.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that

5

the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his argument lacks merit. Therefore, the court will deny movant's § 2255 motion(s) without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011). An appropriate order will follow.